UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x



ANDY MCCANTS,

                              **Plaintiffs,**

                - against -

17 REALTY NY LLC,
PINNACLE NEISS LLC, and
PINNACLE MANAGING CO. LLC,

                         **Defendants.**

-----------------------------------------------------------------------x



**07 CIV 5776**

**COMPLAINT**

### PRELIMINARY STATEMENT

1.      This action seeks redress for serious transgressions of the federal Fair Labor Standards Act and the New York Wage and Hour Law.  In a fundamental breach of these statutory obligations, defendants 17 Realty NY LLC, Pinnacle Neiss LLC and Pinnacle Management Co. LLC (hereinafter "defendants") paid plaintiff Andy McCants (hereinafter "plaintiff" or "Mr. McCants") substantially less than the minimum wage, failed to pay Mr. McCants overtime compensation, and failed to make payment on invoices Mr. McCants submitted for his work performed.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, pursuant to 28 U.S.C. § 1331, because plaintiff's Fair Labor Standards Act claims arise under a statute of the United States.

3.      This Court has supplemental jurisdiction over plaintiff's claims under the New York Minimum Wage Act, N.Y. Labor Law § 650 *et seq.*, pursuant to 28 U.S.C. §

1367, because these claims are so closely related to plaintiff's claims under the Fair Labor Standards Act that they form parts of the same case or controversy under Article III of the United States Constitution.

4.      Pursuant to § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), plaintiff has consented in writing to becoming a party to this lawsuit. Plaintiff's written consent to be part of this action is attached hereto and is incorporated by reference.

5.      Venue is vested in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1), as the defendants 17 Realty NY LLC, Pinnacle Neiss LLC and Pinnacle Managing Co. LLC resides in this judicial district.

## PARTIES

6.      Mr. McCants was employed by defendants 17 Realty NY LLC, Pinnacle Neiss LLC and Pinnacle Managing Co. LLC at their business located at 17 East 17th Street, Brooklyn, New York 11226, from August 2004 through August 2006.

7.      Defendants were Mr. McCant's employers. Defendants together hired, supervised, controlled, and paid him. Defendants are domestic limited liability companies with their principal offices located at One Penn Plaza, Suite 4000, New York, New York 10119. Mr. McCants resides in Brooklyn, New York.

## FACTUAL ALLEGATIONS

8.      At all times during his employment, Mr. McCants was an "employee" as defined in Section 3(e)(1) of the Act, 29 U.S.C. 203(e)(1), and defendants were his "employers" within the meaning of Section 3(d) of the Act, 29 U.S.C. 203(d).

9.      17 Realty NY LLC, Pinnacle Neiss LLC and Pinnacle Management Co. LLC, are New York limited liability companies doing business as realty companies and

as such make up an enterprise as defined in Section 3(r)(1) of the Act, 29 U.S.C. 203
(r)(1), and an enterprise engaged in commerce or in the production of goods for
commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. 203(s)(1)(A), in that the
defendants' employees are engaged in interstate commerce and defendants' annual gross
volume of sales made or business done exceeds $500,000.00, exclusive of excise taxes.

10.    Mr. McCants was employed by defendants from approximately August
2004 to August 2006 as a superintendent and repairman of defendants' residential
building located at 17 East 17th Street, Brooklyn, New York 11226. Mr. McCants was
characterized and treated in all respects as an employee by defendants during this time
period. Mr. McCants was supervised by the defendants, the defendants provided him
with the supplies and equipment to perform his work and all of the work performed by
Mr. McCants occurred on site at 17 East 17th Street, Brooklyn, New York which the
defendants own and manage.

11.    Defendants employed Mr. McCants within the meaning of Section 3(g) of
the Act, 29 U.S.C. 203(g), during all time periods relevant to this complaint.

12.    Defendants employed a work week beginning on Mondays and ending on
Sundays during all time periods relevant to this complaint and Mr. McCants reported his
hours to defendants based upon this work week definition. Mr. McCants's hours of work
were determined by defendants.

13.    Mr. McCants regularly worked hours in excess of 40 hours in a work week
for the defendants providing general building maintenance duties and repair work during
all time periods relevant to this complaint. Mr. McCants worked scheduled hours from

Mondays through Fridays beginning at 7:00 a.m. to 4:00 p.m. and Saturdays and Sundays

beginning 7:00 am to 10:00 am.

14.    Further, Mr. McCants was required to be on-call twenty-four hours per

day and his name and phone number were listed as an emergency contact for all the

tenants in the residential building in which he worked. Mr. McCants was called upon

regularly by tenants, both inside and outside of his regularly scheduled hours for work,

including but not limited to repairing kitchen and bathroom plumbing problems, electrical

problems and heating and hot water problems. In total, Mr. McCants was responsible for

the maintenance of 20 apartment units located within defendants' residential building

located at 17 East 17th Street, Brooklyn, New York during all time period relevant to this

complaint.

15.    Further, Mr. McCants was required to perform repairman duties above

and beyond general building maintenance duties for the defendants, such as the

demolition of apartment walls and structures, the renovation/repair of woodwork on

apartment windows, doors, floors, kitchen cabinets, the construction/repair of apartment

walls and ceilings, the repair/replacement of ceramic wall and floor tiles in apartments,

the installation of building fixtures, the installation of apartment kitchen and bathroom

fixtures, the repair/replacement of apartment windows and glass, and fixing any problems

that arose in the residential building owned and managed by Defendants and located at 17

East 17th Street, Brooklyn, New York. Mr. McCants was required to perform this repair

work above and beyond his duties as a superintendent during all time periods relevant to

this complaint.

16.    Mr. McCants entered into an express oral contract or an implied-in-fact

4

contract with the defendants to be paid for repair work invoiced to them for work performed above and beyond his general building maintenance duties as a superintendent.

17.     Throughout Mr. McCants's entire employment with defendants from the August 2004 and until the end of August 2006, Mr. McCants worked for defendants approximately 50-55 hours per week (including scheduled work hours, regular maintenance work performed outside of scheduled work hours and work performed for tenants during his on-call hours) and was not paid minimum wage nor was he paid at one and one-half times the minimum wage for hours worked in excess of 40 hours in a work week at any time during the time period relevant to this complaint.

18.     Further, the Defendants failed to pay Mr. McCants on invoices he submitted for repair work he performed above and beyond his general building maintenance duties totaling $3,525.00 as was promised to him.

19.     Defendants' failure to pay Mr. McCants the minimum wage, overtime pay and for the invoices he submitted was willful and in bad faith.  Defendants had no reasonable grounds for believing that their failure to pay the minimum wage, overtime pay and promised wages was consistent with the Fair Labor Standards Act or the New York State Minimum Wages Act.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

20.     Section 6(a) of the FLSA, 29 U.S.C. § 206(a), provides that any employee employed in an enterprise engaged in commerce shall be paid wages at a rate not less than $5.15 per hour.

21.    Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that no employer engaged in commerce shall employ an employee for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she is employed.

22.    Section 16 of the FLSA, 29 U.S.C. § 216(b), provides that any employer who violates the provisions of 29 U.S.C. §§ 206 or 207 shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

23.    The United States Department of Labor calculates unpaid wages and overtime compensation for employees, like plaintiff, who are paid by the week, by dividing the number of hours worked for each week by the amount of pay for that week. If that figure is less than the minimum wage of $5.15, the employee is owed the difference for all hours up to 40 per week. If the employee worked more than 40 hours per week, the employee is also owed one and one-half times the weekly wage (or times the minimum wage, if the weekly wage is less than the minimum wage) for all hours above 40 per week. Additional liquidated damages are due in an amount equal to the total unpaid minimum wages and unpaid overtime compensation.

24.    Defendants' failure to pay plaintiffs the minimum wage or overtime violated the Fair Labor Standards Act.

### SECOND CLAIM FOR RELIEF:
### NEW YORK STATE MINIMUM WAGES AND OVERTIME

25.    Plaintiff repeats and re-alleges paragraphs 1 through 24.

26.    The New York State Minimum Wage Act provides that effective March 31, 2000 through December 31, 2004 every employer shall pay to each of its employees for each hour worked a wage of not less than $5.15 (or any greater amount as may be established by the FLSA); that beginning January 1, 2005, every employer shall pay to each of its employees for each hour worked a wage of not less than $6.00 (or any greater amount as may be established by the FLSA); and that beginning January 1, 2006, every employer shall pay to each of its employees for each hour worked a wage of not less than $6.75 (or any greater amount as may be established by the FLSA).  N.Y. Labor Law § 652(1).

27.    Pursuant to regulations issued by the State Commissioner of Labor, an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in the FLSA.  12 N.Y.C.R.R. § 142-2.2.

28.    Pursuant to N.Y. Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay wages and overtime required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to twenty-five percent of the total of such under-payments found to be due him.

29.    Defendants' failure to pay plaintiff the minimum wage or overtime violated the New York Labor Law.

### THIRD CLAIM FOR RELIEF:
### FAILURE TO PAY WAGES TIMELY

30.    Plaintiff repeats and re-alleges paragraphs 1-29.

31.    Pursuant to the New York Labor Law, § 191, all employees are entitled to the timely payment of wages.

32.    Defendants' failure to pay plaintiff the agreed upon invoices for the work he performed above and beyond his general building maintenance duties violated the New York Labor Law.

## FOURTH CLAIM FOR RELIEF:
## BREACH OF EXPRESS AND IMPLIED-IN-FACT CONTRACT

33.    Plaintiff repeats and re-alleges paragraphs 1 through 32.

34.    Plaintiffs bring an action for breach of contract against Defendants, pursuant to New York common law.

35.    Defendants expressly or implied-in-fact offered to pay plaintiff for his labor and plaintiff accepted by performing the labor required under the offer.

36.    Defendants agreed to pay plaintiff amounts according to the invoices submitted by plaintiff under these express or implied-in-fact agreements and the defendants failed to pay plaintiff the promised wages on the invoices that plaintiff submitted for work above and beyond his general building maintenance duties.

37.    By their actions stated above, defendants breached the agreement by failing to pay plaintiff in return for labor performed by plaintiff for which defendants are jointly and severally liable.

38.    Plaintiff has therefore been damaged in an amount of the unpaid invoices plus interest.

## FIFTH CAUSE OF ACTION:
## QUANTUM MERUIT

39.    Plaintiff repeats and re-alleges paragraphs 1-38.

40.    By their actions, defendants have been unjustly and inequitably enriched by failing to pay plaintiff for plaintiff's substantial performance of services.

41.     Plaintiff has therefore been damaged in the amount of unpaid invoices plus interest.

### SIXTH CLAIM FOR RELIEF:
### RETALIATION

42.     Plaintiff repeats and re-alleges paragraphs 1-41.

43.     Plaintiff complained to the defendants about their failure to pay his unpaid wages due to him as invoiced for work performed above and beyond his general building maintenance duties.

44.     The defendants subsequently terminated plaintiff's employment for complaining about the unpaid invoices.

45.     Further, the defendants have commenced a summary eviction proceeding against plaintiff in the Civil Court of New York, Brooklyn Housing Part under Index No. 54289/07.

46.     Under the New York Labor Law, it is unlawful for employers to retaliate against its employees for asserting their employment rights.

47.     The defendants have violated the New York Labor Law in retaliation of plaintiff complaining about his unpaid invoices.

### SEVENTH CLAIM FOR RELIEF:
### MAINTENANCE OF EMPLOYMENT RECORDS

48.     Plaintiff repeats and re-alleges paragraphs 1-41.

49.     Upon information and belief, defendants intentionally failed to maintain adequate and accurate written records for the hours worked and wages earned by plaintiff in order to facilitate their exploitation of plaintiff's labor.

50.     Defendants' knowing and intentional acts constitute a violation of 29

9

U.S.C. § 211(c) and 29 C.F.R. § 516.2.

51.    Defendants' knowing and intentional acts constitute a violation of N.Y.

Lab. Law § 195(4) and 12 N.Y.C.R.R. § 137-2.1.

52.    As a result of the foregoing, plaintiff has been injured, and defendants

have profited thereby, in an amount to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Andy McCants respectfully requests this Court to grant

him the relief requested as follows:

1.    Unpaid wages and overtime pay, plus liquidated damages and/or interest

thereon;

2.    Payment on all invoices submitted by plaintiff for work performed;

3.    Reinstatement of plaintiff's employment with backpay;

4.    Pre-judgment interest;

5.    Reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. §

216(b) and N.Y. Labor Law §§ 198 and 663;

6.    The costs and disbursements of this action; and,

7.    Such other and further relief that the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
       June 15, 2007

By: _____
STEVEN BANKS, Attorney-in-Chief
ADRIENE L. HOLDER,
Attorney-in-Charge, Civil Practice
CHRISTOPHER D. LAMB,

Attorney-in-Charge,
Staten Island Neighborhood Office
THE LEGAL AID SOCIETY
Employment Law Project
199 Water Street, 3rd Floor
New York, New York 10038
(212)577-3626

By:    Amy M. Hong, Of Counsel (AH 5683)

## SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

I, Andy McCants, hereby consent to be a plaintiff in a lawsuit pursuant to Section 216(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
June 15, 2007

_____
ANDY McCANTS

Sworn to before me this
15th day of June 2007

_____
NOTARY PUBLIC

**AMY M. HONG**
Notary Public, State of New York
No. 02HO6106886
Qualified in New York County
Commission Expires March 15, 2008